US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

NOV 0 7 201

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KEITHON EARL BOGAN                                                          PLAINTIFF

v.                        Civil No. 14·5340 TLB JRM

ARAMARK CORRECTIONAL SERVICES                                DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Keithon Earl Bogan, an inmate of the Washington County Detention Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  The complaint was provisionally filed subject to a later determination of whether his *in forma pauperis* (IFP) application should be granted.

## DISCUSSION

Plaintiff alleges that on October 20, 2014, Aramark Correctional Services sold him an outdated bag of instant coffee.  Plaintiff asserts that after consuming an unspecified amount of the product he "began experiencing an extreme amount of stomach[] pain."  Shortly after Plaintiff began experiencing stomach pain, he alleges that an Aramark employee went around the jail collecting the outdated coffee and replacing it with new coffee.  Plaintiff alleges that he is still experiencing stomach issues and is being diagnosed and treated by medical staff.

As part of the Prison Litigation Reform Act (PLRA), 28 U.S.C. §1915, which governs proceedings filed IFP, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. 28 U.S.C. § 1915.  Prior to the PLRA's amendments to § 1915, a prisoner who attained IFP status was exempted from paying court fees.  After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee albeit in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, to obtain IFP status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision has commonly become known as the "three strikes rule" or the "three strikes provision."

The three strikes rule applies to Plaintiff. He has at least three previous actions that qualify as strikes against him under § 1915(g). See Bogan v. Fayetteville Police Dept., et al., Civil No. 11-5010 (case dismissed March 16, 2011, as frivolous and for failure to state a claim); Bogan v. State of Arkansas, Civil No. 11-5009 (case dismissed on February 18, 2011, as frivolous and for failure to state a claim); Bogan v. City of Fayetteville, Civil No. 04-5148 (case dismissed on February 1, 2005, as frivolous and for failure to state a claim);

There is no allegation in this case that Plaintiff is currently under imminent danger of serious physical injury. Cf. Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports). Therefore, Plaintiff is not eligible for IFP status.

## CONCLUSION

Accordingly, I recommend that Plaintiff's IFP application be denied pursuant to 28 U.S.C. § 1915(g), and the case dismissed without prejudice. See Witzke v. Hiller, 966 F. Supp. 538, 540 (E.D. Mich. 1997) (revoking IFP status under section 1915(g) and dismissing action without

-2-

prejudice to inmate's right to re-file it upon payment of filing fee).  Plaintiff should be advised that the case may be reopened on payment of the $400 filing fee and the filing of a motion to reopen.  It should be noted that, in the event that Plaintiff tenders the filing fee, he will also be responsible for other costs associated with this action, such as costs of service and fees for the issuance of any requested subpoenas.  The Clerk should be directed to place a "barred" flag on this case.

**The Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this ⁷ᵗʰ day of November 2014.

_____
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-3-